## HEALEY *v.* SMITH.

*(Supreme Court, General Term, First Department.　Feburary 18, 1892.)*

MASTER AND SERVANT—WRONGFUL DEATH—FELLOW-SERVANTS.

Plaintiff's intestate was working at the upper end of a chute used to remove *debris* from a building, when it was found to be clogged by pieces of rubbish too large for its capacity.　This rubbish had been put into it on the previous day by fellow-servants or unknown persons.　The intestate, with a fellow-servant, went down on a roof over the sidewalk, and was endeavoring to clear the chute, when it fell, because of the accumulated weight, and killed him.　The chute was well built, and adequate for the purpose, and proper appliances were at hand for removing pieces of rubbish too large for it to carry.　*Held* that, on this state of facts, the trial court properly dismissed the complaint.

Exceptions from circuit court, New York county.

Action by Bridget Healey, as administratrix of Patrick Healey, against James B. Smith, to recover damages for wrongful death.　The trial court dismissed the complaint on the evidence.　Plaintiff excepts.　Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON and O'BRIEN, JJ.

*Tracy, MacFarland, Ivins, Boardman & Platt,* for plaintiff. *Miller & Miller, (Jacob F. Miller,* of counsel,) for defendant.

PATTERSON, J. The plaintiff's intestate, (Healey,) a laborer employed by the defendant, was killed by the falling of a chute through which the *debris* remaining after a fire in a building in the city of New York was to be removed from the upper stories of that building to the street. The defendant was the contractor for the reconstruction of that building, which was partially destroyed, and it was part of his contract to remove the rubbish. The chute was not built by him, but by persons skilled in the making of such appliances; and it is not contradicted that, if used in the proper way, it was entirely sufficient for the purpose for which it was intended. Plaintiff's intestate, on the day of his death, was at work at this chute, in the upper part of the building, when it was ascertained that it was clogged or obstructed by heavy matter or material which should not have been put in it; and it appears that such heavy material was so put in, the day before the accident, by the fellow-servants of the deceased, or by other persons. He and another workman, finding that the chute was obstructed, went down to the roof of a structure erected over the sidewalk, to clear it, and while thus at work the chute fell, and the plaintiff's intestate was killed. It appears in evidence that the chute was properly constructed, and there was testimony to show that it had been cut as by a saw, and that the timbers or boards of which it was composed had not been pressed out, as if by force from the interior of the slide, and also that one Kennedy, a fellow-workman who went down with Healey, had a saw in his hand when he so went down. It also appeared that there were sufficient and proper appliances for the removal of large pieces of rubbish, which could not properly be thrown down or passed through the chute. On this testimony the justice presiding at the trial dismissed the complaint, but ordered the exceptions to be heard in the first instance at the general term.

The dismissal of the complaint was clearly right. There was nothing to show that the employer had failed in his duty to the servant. The chute was well built and entirely adequate. It had become, only the day before, unserviceable, by the neglect of the fellow-servants of Healey or by the acts of independent persons. The accident was evidently occasioned by the overtaxing of the capacity of the chute, which was well known to Healey; and he attempted to remedy it, and in so doing the fatal accident occurred. That is really all the evidence there is, and it is not enough to prove such negligence on the part of the employer as would charge him with responsibility for Healey's death. The exceptions must be overruled, and judgment directed that the complaint be dismissed on the merits, with costs. All concur.